UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. _____

GLORIA DAVID,

    Plaintiff,

v.

ANDRIY STYROV and INTER TEAM, INC.,
a Foreign Profit Corporation,

    Defendants.
_____/

## DEFENDANT'S, INTER TEAM, INC., NOTICE OF REMOVAL

Defendant, INTER TEAM, INC. ("Inter Team"), by and through the undersigned counsel, and pursuant to Local Rule 7.2 and 28 U.S.C. Sections 1332, 1441 and 1446, removes this action to the United States District Court, Southern District of Florida, Palm Beach Division, and as grounds supporting removal states:

**I.    BACKGROUND**

1.    Plaintiff, GLORIA DAVID, originally filed this action in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, under the name and style, ***Gloria David v. Andriy Styrov and Inter Team, Inc.*** (Circuit Court Case No. 50-2019-CA-006869-XXXX-MB). True and correct copies of all documents filed in the Circuit Court case are attached as **Composite Exhibit A**.

2.    On June 4, 2019, Defendant, Inter Team, received a copy of the Plaintiff's Circuit Court Complaint in the mail, which constituted the Defendant's first actual notice of the Circuit

Court case for purposes of removal. Upon information and belief, Defendant, Andriy Styrov, has not been served with, or received notice of, the pending Circuit Court Complaint.

3. The Complaint alleges claims for negligence against Mr. Styrov and Inter Team, and arises out of a motor vehicle accident involving Plaintiff and Mr. Styrov on Interstate 95 in Palm Beach County, Florida, on November 6, 2017. Plaintiff alleges, *inter alia*, that Mr. Styrov was negligent in the operation of a motor vehicle and that Inter Team is vicariously liable for Mr. Styrov's negligence and was negligent in his hiring, retention and supervision. (*See* Plaintiff's Compl. at Pg. 2, 7.).

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. Pursuant to 28 U.S.C. § 1332(a)(1), "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332 (a)(1).

5. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. ***See Grupo Dataflux v. Atlas Global Group, LP***, 541 U.S. 567, 571 (2004). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the Unites States and be domiciled within the State." ***Newman-Green, Inc. v. Alfonzo-Larrain***, 490 U.S. 826, 828 (1989).

### A. *Citizenship of Inter Team, Inc.*

6. Defendant, Inter Team, was at the time of the alleged incident, and is currently, an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. At no time material has Defendant, Inter Team, been a citizen of the state of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached as **Exhibit B**.

2

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

B. *Citizenship of Gloria David*

8. Plaintiff is a citizen of the state of Florida, who resides in St. Lucie County, Florida. (*See* Plaintiff's Compl. at ¶ 2.). Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "it is well established that a party's residence of prima facie evidence of a party's domicile," and "for purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-600672009, WL 1532129 *3 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

9. The Southern District of Florida has held that a Defendant seeking to remove an action on diversity grounds can supply the elements required to establish diversity of citizenship in its removal papers, particularly where the plaintiff's complaint, on its face, lacks the necessary jurisdictional allegations. *See Woolard, v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992).

10. Here, Plaintiff's Complaint indicates that Plaintiff resides in St. Lucie County, Florida. (*See* Plaintiff's Compl. at ¶ 2.). Pursuant to *Woolard*, this Defendant may establish diversity of citizenship through this same evidence. *See Woolard*, 891 F. Supp. At 296.

### C.     *Citizenship of Andriy Styrov*

11.     Upon information and belief, Mr. Styrov is not a citizen of the state of Florida. Pursuant to the holdings in ***Katz*** and ***Woolard***, and the allegations set forth in Plaintiff's Complaint, Defendant, Andriy Styrov, is a citizen of the State of Nevada. (*See* Plaintiff's Compl. at ¶ 3.).

12.     Because Plaintiff is a citizen of the state of Florida, while Defendant, Inter Team, is organized in Illinois, has a principal place of business in Illinois, and no partner or member of this Defendant is a citizen of Florida, and Defendant, Andriy Styrov, is a citizen of Nevada, and not the state of Florida, there is complete diversity of citizenship between Plaintiff and Defendants.

### III.    AMOUNT IN CONTROVERSY

13.     Pursuant to 28 U.S.C. § 1446, as amended, the notice of removal may assert the amount in controversy, and removal is proper if the district court finds that Defendant has plausibly alleged that the amount in controversy exceeds $75,000. ***Federated Mut. Ins. Co. v. McKinnon Motors, LLC***, 329 F.3d 805, 807 (11th Cir. 2003). If a plaintiff fails to plead a specific amount of damages, or challenges jurisdiction, a removing defendant "is required to show. . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." ***Kirkland v. Midland Mtg. Co.***, 243 F. 3d 1277, 1281 n.5 (11th Cir. 2001); ***Roe v. Michelin N. Am., Inc.***, 613 F.3d 1058, 1061 (11th Cir. 2010).

14.     Although the Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000 jurisdictional minimum, it is clear from Plaintiff's $1,000,000 pre-suit demand, dated March 25, 2019, along with the over three-hundred (300) pages of medical/billing records (totaling charges of $116,827.36), concerning the treatment she

purportedly received after the subject motor vehicle accident (which were also provided to this Defendant), that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000. (*See* Plaintiff's pre-suit demand letter attached as **Exhibit C**); *See also Sierminski v. Transouth Financial Corp.*, 216 F. 3d 945, 949 (11th Cir. 2000) (finding that "while it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."); *see also Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (Pre-suit demand letters are competent evidence of the amount in controversy.); *Katz*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) ("Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of the removal.") (**citing** *Williams v. Best Buy Co.*, 216 F.3d 1316, 1320 (11th Cir. 2001)).

15. In the present case, Plaintiff's Complaint seeks, *inter alia*, damages for aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life, and medical expenses in the care and treatment of said permanent injuries. (*See* Plaintiff's Compl. at ¶ 9.). Further, the relevant portions of Plaintiff's pre-suit demand for $1,000,000, and previously disclosed medical records and bills, conclusively establish that the amount in controversy exceeds the $75,000 jurisdictional minimum. (*See* **Exhibit C**).

16. In her demand, Plaintiff states that the expenses incurred arising out of her past medical treatment and injuries as of November 2018, total $116,827.36, which she also notes is likely to increase significantly in the future along with her general damages. Inclusive of Plaintiff's total medical expenses are charges for medical treatment at SurgeCenter of Palm

5

Beach Gardens on June 26, 2018 at a total cost of $87,378.98, Beaches Open MRI on multiple dates of service at a total cost of $5,550, multiples dates of services at University Orthopedic Care at a total cost of $6,360.01, Sierra Surgical on June 20, 2018 at a total cost of $3,900, Anesthesia Management Solutions on June 26, 2018 at a total cost of $3,900, and Leo Hart D.C. on multiple dates of service at a total cost of $3,723. These detailed charges alone well exceed the $75,000 threshold. (*See* **Exhibit C**); *See also Gillnov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1255 (S.D. Fla. 2015) (holding that an "exceptionally detailed" pre-suit demand letter sufficiently established the jurisdictional amount); ***Abachman Enterprises, Inc. v. Stanely Steemer, Int'l, Inc.***, 268 Fed. Appx. 864 (11th Cir. 2008) (holding that the amount in controversy was established through the Complaint and pre-suit demand letter).

17.     Plaintiff's demand letter further details Plaintiff's injuries and medical treatment, including care rendered to her neck, back, and bilateral knee injuries necessitating physical and conservative therapies with Dr. Leo Hart, D.C., "cervical facet joint injections," surgery that consisted of a "C5-6 anterior cervical discectomy and fusion in her neck," and a recommended "fusion at L5-S1 in her lower back." Plaintiff also states that "she will require care for the rest of her life including, doctor visits, medication, scans, grueling therapy and rehabilitation, injections and further invasive surgery. Additionally, she has to deal with the pain and limitations that her injuries cause her every single day for the rest of her life." *See* **Exhibit C**.[1]

18.     Plaintiff also served a report from assistant surgical coordinator, Michael Morin, dated March 16, 2018, indicating that Plaintiff will need the following treatment:

---

[1] This Court may also consider future damages in evaluating whether the jurisdictional amount has been met. *See, e.g., Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D. Fla. Jan 11, 2012) (the court denied motion for remand citing plaintiff's actual damages of approximately $39,000 and concluding that future treatment would likely exceed the amount needed to reach the jurisdictional minimum.).

> The patient, Gloria David, has been seen in surgical consultation by Dr. Samuel Popinchalk on March 14th, 2018. Ms. David presents with lumbar herniated nucleus pulposis and lumbar radiculopathy causing persistent back pain and decreased ease of movement. Dr. Popinchalk has recommended a transforaminal lumber interbody fusion at the L5-S1 level. . . the professional charges for this surgery are estimated to be $92,050.00. As you are aware, additional procedures may be required based on the surgeon's intraoperative findings. Such charges are not reflected in this estimate. The cost of anesthesia is estimated to be $8,000.00. The procedure is to be performed at SurgCenter of Palm Beach Gardens, a JCAHO Accredited Ambulatory Surgical Center. The surgical center fees inclusive of implants are estimated to be $90,000.00. . . .

(*See* Morin Report attached as **Exhibit D**).

19.  While this Defendant disputes the causation of the claimed damages, these representations unequivocally and conclusively establish that the amount in controversy exceeds the requisite $75,000 jurisdictional minimum for this Court to retain jurisdiction. This conclusion is further supported by numerous decisions from Court's within this jurisdiction.

20.  In ***Gillinov v. Hillstone.***, ***supra***, the court considered an "exceptionally detailed" demand letter that outlined with specificity a plaintiff's $124,217.15 in damages based on "[p]laintiff's past medical expenses and future medical expenses using her life expectancy, similar cases, and consultations with her medical providers." *Id.* 92 F. Supp. 3d at 1255. In concluding that the removing defendant properly established the amount in controversy, the Court specifically noted that even where the plaintiff's complaint only alleged damages in excess of $15,000, the defendant was still able to show by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. *Id.*

21.  Consistent with the ***Hillstone*** decision, even though Plaintiff has also only sought damages in excess of $15,000 in her State Court case, her own exceptionally detailed demand letter of March 25, 2019 also sets forth with specificity past and future medical expenses that are well in excess of $300,000 and this Court's $75,000 jurisdictional limits. (*See* **Exhibit C**)

Further, the demand letter also provides that Plaintiff is expected to endure pain and suffering and limitations caused by her injuries on a daily basis for the rest of her 31.3 more years of anticipated life expectancy. As stated herein, such future considerations are also appropriate for this Court to consider in evaluating whether the jurisdictional amount has been mat. *See La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (denying plaintiff's motion for remand where a doctor estimated that plaintiff "'could incur costs of $2,500 to $5,000 per year" for future care).

22.     Also instructive is *AAA Abachman Enters v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), in which the court similarly relied in part on a plaintiff's demand letter which sought more than $75,000 in damages. *Id.* at 866-67. In that case, the 11th Cirtcuit also relied on the pre-suit demand letter of the plaintiff's state court complaint alleging that the plaintiff would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages." In upholding the removal, the court held that the plaintiff's "own valuation of the monetary worth of the right that is the object of the litigation here – supports Stanley Steemer's position that the suit meets the amount in controversy requirement." *Id.* at 866.

23.     Based upon the pertinent case law above and the evidence cited herein, Inter Team has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon (1) Plaintiff's $1,000,000 pre-suit demand letter and the 300 or more medical records/bills provided thereafter, as well as (2) Plaintiff's claims for serious and permanent bodily injuries and damages, resulting aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life, and medical expenses in the care and treatment of said permanent injuries.

## IV. VENUE

24. The United States District Court for the Southern District of Florida, Palm Beach Division, encompasses Palm Beach County, where Plaintiff filed her Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## V. COMPLIANCE WITH PROCEDURAL REQUREMENTS

25. This notice of removal has been timely filed within thirty (30) days after Defendant's receipt of the initial pleading setting forth the claim for relief upon which removal is based. *See* 28 U.S.C. § 1446(b).

26. Copies of all process, pleadings, and orders served upon this Defendant are attached to this Notice of Removal as **Composite Exhibit A**, as required by 28 U.S.C. section 1446(a).

27. Pursuant to 28 U.S.C. Section 1446(d), Defendant has provided written Notice of the Removal to all parties in this action, and filed a copy of this Notice of Removal in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

## VI. CONCLUSION

28. Because the parties are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest, fees and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, Defendant, INTER TEAM, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number 50-2019-CA-006869-XXXX-MB on the docket of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the

United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Inter Team is entitled.

Respectfully submitted,

KARISSA L. OWENS, ESQUIRE
Florida Bar No.: 0579971
Email: klo.service@rissman.com
JESSE L. SHURMAN, ESQUIRE
Florida Bar No.: 0112173
Email: jls.service@rissman.com
RISSMAN, BARRETT, HURT,
DONAHUE, McLAIN & MANGAN, P.A.
6451 North Federal Highway
Suite 400
Fort Lauderdale, FL 33308
Telephone: (954) 526-5480
Facsimile: (954) 745-7258
Attorneys for Defendant,
Inter Team, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the following has been electronically filed with the Clerk of Court by using the CM/ECF system on this 24th day of June, 2019, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

KARISSA L. OWENS, ESQUIRE
Florida Bar No.: 0579971
Email: klo.service@rissman.com
JESSE L. SHURMAN, ESQUIRE

                                                      Florida Bar No.: 0112173
                                                      Email: jls.service@rissman.com
                                                      RISSMAN, BARRETT, HURT,
                                                      DONAHUE, McLAIN & MANGAN, P.A.
                                                      6451 North Federal Highway
                                                      Suite 400
                                                      Fort Lauderdale, FL 33308
                                                      Telephone: (954) 526-5480
                                                      Facsimile: (954) 745-7258
                                                      Attorneys for Defendant
                                                      Inter Team, Inc.

KLO/JLS/jls#91

## SERVICE LIST

Jason A. McIntosh, Esq.
Lytal, Reiter, Smith, Ivey & Fronrath
515 N. Flagler Drive
10th Floor
West Palm Beach, FL 33401
Telephone:   (561) 655-1990
E-mail:       jmcintosh@foryourrights.com
                 cbeautemps@foryourrights.com